Seligman *v.* St. Louis & S. F. R. Co. and another. (Two Cases.)[1]

*(Circuit Court, E. D. Missouri.* September 25, 1884.)

1. EQUITY — SALE OF STOCK UNDER VOID EXECUTION — RIGHTS OF PARTY IN WHOSE NAME IT STANDS ON COMPANY'S BOOKS.

A. obtained a judgment against B., a corporation, and after execution had been issued and returned *nulla bona*, filed a motion against C., falsely alleging that C. was a stockholder in B., and was liable to B. for payments due on his stock, and without any legal notice to C., or service of process upon him, obtained execution against him, and levied upon, and sold at sheriff's sale certain shares of stock in D., (a corporation,) which stood in C.'s name, but part of which had long before been sold by him, and the certificates thereof transferred to the purchasers. The purchasers at the sheriff's sale bought with notice of the fact that that part of said stock which had been sold by C., had been so sold. It is provided by a by-law of D. that no transfer of its stock shall be allowed, except by the stockholder in person, or by a properly constituted attorney, and that, at the time of the transfer, the old certificates shall be surrendered and canceled before new ones are issued. The purchasers at said execution sale seek to have said stock transferred to them on D.'s books, in order that they may derive some benefit from it. D. refuses to recognize them as owners. B. now brings his bill to enjoin such transfer, and have the execution under which said stock was sold declared void. *Held*, that under the above facts he is entitled to relief from any further action under said execution.

In Equity. Demurrer to bills.

The facts in the cases are similar. The bills state, in substance, that one William C. Wilson, defendant, having obtained a judgment against the M. C. & N. W. R. Co. for about $70,000, and had an execution issued which was returned *nulla bona*, filed his motion for execution against complainants in the St. Louis circuit court, falsely alleging that complainants were stockholders in said company, and liable in a large sum for payments remaining due to said company on their stock, and without any service of process or legal no-

[1] Reported by Benj. F. Rex, Esq., of the St. Louis bar.

tice to complainants, who were non-residents, or any appearance by them, obtained an execution against them; and that by virtue of said execution the sheriff of said city thereupon levied upon and sold certain shares of stock in the St. Louis & San Francisco Railroad Company, as complainants' property. In one of the cases it is stated that all of the stock levied on and sold had been sold by complainants, and the certificates of stock transferred to the purchasers before said motion for execution was made. In the other case it is stated that part of stock levied on had been previously sold, etc., by complainants, and that the balance still belongs to them. In both cases, it is alleged that the purchasers of the stock sold at said sheriff's sale purchased that part of the stock which had been previously sold by complainants, with notice of the fact that it had been so sold; that it is provided by a by-law of said St. Louis & San Francisco Railroad Company that no transfer of stock shall be allowed except by the stockholders in person or by a properly constituted attorney; and that, at the time of the transfer, the old certificates shall be surrendered and canceled before new are issued; that the stock sold by complainants as aforesaid has never been transferred on the books of the St. Louis & San Francisco Railroad Company, but still remains in the name of complainants; but that the purchasers at said sheriff's sale are now seeking to have the stock they purchased transferred to them on the company's books. Wherefore, the complainants pray that the St. Louis & San Francisco Railroad Company may be enjoined from transferring said stock on its books to the purchasers at said sale, and that the execution under which the sale was made be declared void.

*Broadhead & Haeussler*, for complainants.

*Botsford & Williams*, for defendant.

TREAT, J., (*orally.*) This is a demurrer to the bill. Some very important questions are involved in these cases, but they cannot be heard on demurrer at present. Both bills charge that judgment was improperly obtained, which, if it should so turn out to be the fact, plaintiffs will have the right to be heard in equity here. In the one case these parties plaintiff say they are the owners of a portion of the stock thus interfered with; in the other, that they are still on the stock books as the owners, though they have parted with the equitable title, and that they seek, by this bill, to protect the unknown holders of these certificates. This court has not been inclined to pass upon that question. The bill sets out an equity, which, if maintained by proper proof, will give the parties plaintiff a right to be heard to prevent any further action under these irregular executions. The entry, therefore, will be that the demurrer be overruled.